UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 16-178 |
| JERMEL WOODS | SECTION "A" |

**ORDER AND REASONS**

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 213)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Jermel Woods. For the following reasons, the motion is denied without prejudice.

**I.     BACKGROUND**

On July 6, 2017, Woods pleaded guilty to Count 1 of the Indictment that charged him with conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846. (Rec. Doc. 151, p. 1, Judgment). The Court then sentenced Woods on December 5, 2017 to a total term of imprisonment of 120 months. *Id.* at 2. Woods is currently being housed at FPC Montgomery in Montgomery, Alabama. (Rec. Doc. 213, Woods' Memorandum in Support). On April 16, 2021, Woods filed this instant Motion for Compassionate Release because of the COVID-19 outbreak, and the Court will now address the merits of his motion.

**II.     DISCUSSION**

Woods filed his motion for a sentence modification under the First Step Act of 2018. He asks the Court to grant his compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). This statute allows for the modification of a term of imprisonment upon a finding that certain extraordinary and compelling reasons warrant a reduction in an inmate's sentence. As

amended by the First Step Act in December of 2018, the compassionate release provision provides that:

> (c) Modification of an Imposed Term of Imprisonment — the court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.][1]

Although sentence reductions under § 3582 historically could be ordered only upon a motion by the Director of the BOP, the First Step Act of 2018 amended the statute to allow prisoners to petition the district courts as set forth above. However, as the statute makes clear, prior to filing motions for release in the district court, a prisoner must first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion

---

[1] 18 U.S.C. § 3582(c)(1)(A).

provision is set out in mandatory terms—the district court can modify a sentence only after the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise.

Here, Woods satisfied his internal request requirement for compassionate release with his Bureau of Prisons (BOP) warden on April 22, 2021. (Rec. Doc. 218, Response to Defendant's Motion for Compassionate Release). Thus, Woods has satisfied the exhaustion requirements of 18 U.S.C. § 3852(c)(1)(A). Accordingly, the Court will next consider whether there are extraordinary and compelling reasons for granting Woods' motion.

### B. Extraordinary and Compelling Reasons

28 U.S.C. § 994(t) provides: "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Accordingly, the relevant policy statement of the Commission is binding on the Court.[2]

The Sentencing Guidelines policy statement is found in § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the

---

[2] *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the Court).

community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—
(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons,  there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Additionally, to obtain compassionate release, the defendant has the burden of demonstrating "that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" *United States v. Reed*, No. CR 15-100, 2020 WL 2850145, at *4 (E.D. La. June 2, 2020) (Fallon, J). "Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristic of the defendant, and the nature of seriousness of the danger to a person

or the community at large posed by the defendant's release." *Id.* (citing 18 U.S.C. § 3142(g)). Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (Dick, J.).

Here, Woods asserts that he suffers from a body mass index of over 30 and hepatitis-B. However, he has the burden to establish his entitlement to compassionate release based on those grounds. Woods has failed to provide any medical documentation specific to him of his extraordinary or compelling medical condition claims. Thus, Woods has failed to demonstrate that he meets the requirements for compassionate release on the merits at this time. The Government asserts that Woods' motion should be denied without prejudice in order to preserve his ability to refile this motion if he can support his claims with the appropriate medical documentation.

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 213)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Jermel Woods is **DENIED WITHOUT PREJUDICE**.

August 4, 2021

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE